**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1016-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AFRIM TAIRI,

    Defendant-Appellant.

_____

Argued May 16, 2022 – Decided July 15, 2022

Before Judges Messano and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 01-06-1503.

Henry E. Klingeman argued the cause for appellant (Klingeman Cerimele, attorneys; Henry E. Klingeman, Ernesto Cerimele, and James Crudele, on the briefs).

Deepa S. Jacobs, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; William P. Miller, Assistant Prosecutor, of counsel and on the briefs; Catherine A. Foddai, Legal Assistant, on the briefs).

PER CURIAM

In our last opinion – the fourth time this matter was before us – we affirmed the Law Division's denial of defendant's motion for a new trial based on newly discovered evidence following an evidentiary hearing. Steven Kadonsky, a fellow inmate of defendant's two co-defendants, Edwin Torres and Felix DeJesus, testified at that hearing and claimed the two men admitted framing defendant in "three 'home invasions' committed during September and November 1995." State v. Tairi, No. A-1016-19 (App. Div. Jan. 19, 2021) (Tairi IV) (slip op. at 1-5, 12). We noted that on the record before us, it appeared defendant never objected to having only Kadonsky, and not Torres, produced at the evidentiary hearing. Id. at 10-11.[1]

Defendant moved for reconsideration and demonstrated he had in fact sought to have Torres called as a witness at the evidentiary hearing. We granted that motion and entered an order in March 2021, vacating our judgment in Tairi IV and remanding the matter to the judge to continue the evidentiary hearing and "assist defendant to compel Torres' appearance as necessary." That continued evidentiary hearing occurred, and assiduously following our remand order, the judge filed a written opinion containing his "findings of fact and

---

[1] DeJesus was also convicted and died in prison before defendant's trial. Tairi IV, at 4 n.5.

conclusions of law based on . . . additional testimony from Torres, and whether it causes reconsideration of the denial of defendant's PCR [post-conviction relief] seeking a new trial based on newly discovered evidence."  The judge's November 17, 2021 order again denied defendant's PCR petition seeking a new trial.

In his written decision supporting the order, the judge recounted the timing of Torres' August 2008 habeas petition in the context of Torres' convictions and his attempts to overturn those convictions.  In his habeas petition, which was actually prepared by Kadonsky, Torres falsely denied involvement in only one of the home invasions, i.e., that involving the Theodoulou family in Staten Island; in the habeas petition Torres did not deny involvement in the other two home invasions, including the one that led to the murder of Howard Lewis.

The judge then summarized Torres' testimony at the remand hearing.  He found that Torres "was forthcoming about his effort to introduce the false affidavit for his habeas petition and did not seek to deny such actions."  The judge found "Torres' testimony at [defendant's] trial in October 2009, his affidavit from July 2018, and his testimony at the evidentiary hearing . . . are consistent."  The judge reasoned the jury at defendant's trial was fully able to

3

evaluate Torres' credibility, and the judge also contrasted his credibility findings regarding Torres with those he made as to Kadonsky.

Focusing on the habeas petition, the judge found both Torres and Kadonsky testified that the "contents of Torres' habeas corpus petition came from Kadonsky, not Torres." The judge noted that at his trial, and again on direct appeal, defendant attacked Torres' trial testimony inculpating defendant, yet the jury rejected the argument and defendant's conviction was affirmed on appeal.

Lastly, the judge addressed whether Torres' habeas petition independently met the standards for a new trial. See, e.g., State v. Nash, 212 N.J. 518, 549 (2013) (setting forth the three-prong standard for granting a new trial). The judge concluded the habeas petition was "not material but impeaching."

We gave the parties an opportunity to file supplemental briefs following Torres' testimony and to reargue defendant's appeal. Defendant contends that Torres' testimony was not worthy of belief, particularly in light of the newly discovered habeas petition Torres filed one year before he testified against defendant at trial.[2] Defendant argues the judge applied a different standard in

_____

[2] Defendant's brief asserts that he first became aware of Torres' habeas petition while preparing for the remand evidentiary hearing. He also asserts the State

assessing Kadonsky's testimony than he did in assessing Torres' testimony and, viewing the evidence in its entirety, defendant contends he established that the interests of justice require a new trial. See R. 3:20-1. We disagree and affirm.

The Court recently reiterated the standard applicable to a motion for a new trial based on newly discovered evidence:

> [T]he movant seeking a new trial based on newly discovered evidence must demonstrate that the evidence is, indeed, newly discovered; a new trial is warranted only if the evidence is "(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted."
>
> [State v. Szemple, 247 N.J. 82, 99 (2021) (quoting Nash, 212 N.J. at 549).]

---

had the habeas petition in its possession before Torres testified at defendant's trial. We address the issue solely in the context of whether the habeas petition, along with the testimony of Kadonsky, the affidavits referenced in Tairi IV, and now the testimony of Torres combine to meet the standards justifying a new trial based on newly discovered evidence. Defendant's brief indicates his intention to "file a [future] separate PCR related to" the State's alleged violation of its obligation to turn over exculpatory evidence prior to defendant's trial. See, e.g., Nash, 212 N.J. at 544 (explaining prosecutor's obligation to produce exculpatory information, including impeachment evidence, to defendant).

As the Court said in State v. Ways, "all three prongs of that test must be satisfied before a defendant will gain the relief of a new trial." 180 N.J. 171, 187 (citing State v. Carter, 85 N.J. 300, 314 (1981)).

"We review a motion for a new trial decision for an abuse of discretion." State v. Fortin, 464 N.J. Super. 193, 216 (App. Div. 2020), certif. denied, 246 N.J. 50 (2021) (citing State v. Armour, 446 N.J. Super. 295, 306 (App. Div. 2016)). "Our standard of review is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony. In such circumstances we will uphold the PCR court's findings that are supported by sufficient credible evidence in the record." Nash, 212 N.J. at 540. "An appellate court's reading of a cold record is a pale substitute for a trial judge's assessment of the credibility of a witness he has observed firsthand." Ibid. We review the judge's legal conclusions de novo. Id. at 540–41.

Here, reduced to its essence, defendant claims Torres' "recantation" in his 2008 habeas petition of his involvement in the Staten Island home invasion, combined with Kadonsky's affidavits and testimony at the evidentiary hearing, are "not 'merely' cumulative, impeaching or contradictory," Ways, 180 N.J. at 187 (quoting Carter, 85 N.J. at 314), but rather "shake[s] the very foundation of

6

the State's case and almost certainly [would] alter the earlier jury verdict," id. at 189.

However, Torres admitted his recantation, drafted with the assistance of Kadonsky's deft hand, was itself false. The judge found Torres credible in this regard. The judge earlier found Kadonsky was not credible in his assertion that Torres and DeJesus admitted framing defendant. Applying appropriate standards to the review of the judge's findings and conclusion following two evidentiary hearings, we find no reason to conclude defendant met the rigorous standards required to set aside "[a] jury verdict rendered after a fair trial [which] should not be disturbed except for the clearest of reasons." Id. at 187.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1016-19